# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:08cr88

| | |
|---|---|
| KORI MONSANTO, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on petitioner's "Motion and Supporting Memorandum Supporting a Reduction of Sentence Pursuant to [18] U.S.C. § 3582(c)(2)" (#39). Petitioner mailed his motion on February 16, 2011, and such motion was received and filed on February 22, 2011. The motion was transferred to the undersigned for disposition on May 31, 2011. The court has considered the motion to be one under Section 3582 and under Section 2255. The court will not require a response from the government as the issues raised can be resolved by reference to materials already before the court.

## FINDINGS AND CONCLUSIONS

**I.    Background**

Petitioner pled guilty to Count I of the Indictment, which charged him with knowingly and intentionally conspiring to possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). In the presentence report, which the court adopted in full, it was determined that "[t]aking into consideration the defendant's relevant conduct, to include the counts that were dismissed, the defendant is responsible for at least 5 grams of cocaine base." PSR, at ¶ 10. At sentencing, the court determined that petitioner was a career offender within the meaning of USSG §4B1.1 and faced an advisory guidelines range of 188 to 235 months imprisonment. Id., at ¶ 56. While petitioner initially faced more than 15 years imprisonment at the bottom of the

advisory guideline range, he was sentenced to 125 months imprisonment based on a downward departure under USSG § 5K1.1. Judgment was entered in this matter on August 26, 2009, and no appeal was taken by either petitioner or respondent.

## II. Petitioner's Contentions

The court has carefully reviewed petitioner's motion, and determined that petitioner has asserted the following contentions:

> I. The court erred in determining that he was responsible for at least 5 grams of cocaine base as the amounts purchased by the CI did not add up to 5 grams;[1]
>
> II. The court erred in determining that he was a career offender under USSG § 4B1.1 because the government failed to file a notice of prior convictions as required by 21 U.S.C. § 851; and
>
> III. The court erred in sentencing him to 125 months when Co-defendant Charlene McManus [ 3:08cr 88-1] received a 36 month sentence, resulting in an unwarranted sentencing disparity.

Motion, at pp. 4-5.

## III. Motion to Reduce Sentence

A district court may modify a term of imprisonment only in limited circumstances. See 18 U.S.C. § 3582(b), (c). Specifically, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). None of these circumstances is applicable in the present case.

First, the Bureau of Prisons has not moved for a reduction of the petitioner's sentence. See 18 U.S.C. § 3582(c)(1)(A). The petition fails to meet the first circumstance.

Second, 18 U.S.C. § 3582 provides that the court may modify a petitioner's sentence if the

---

[1] Petitioner cites the 2007 amendments to the United States Sentencing Guidelines concerning reductions under Amendment 706, not for a reduction under such amendment, but for the proposition that the initial quantities must be properly calculated. Motion, at p. 4.

petitioner was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Reading the motion in a light most favorable to petitioner, it is possible that he could also be arguing that the Fair Sentencing Act of 2010 should be applied retroactively to his case. Section 1B1.10 of the Guidelines sets forth the Sentencing Commission's policy statement with respect to reductions in sentence based on subsequent amendments and specifically identifies those amendments that courts may apply retroactively pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(A). There is no amendment listed in subsection (c) that lowers a guidelines range due to the Fair Sentencing Act. See United States v. Millhouse, 2010 WL 4338383, at *2 (E.D.N.C. Oct. 22, 2010).[2] As such, § 3582(c)(2) does not serve as a basis to reduce the petitioner's sentence.

Finally, Rule 35 is not applicable to this case and therefore cannot serve as a basis to reduce the defendant's sentence and there is no federal statute that expressly permits the modification of defendant's sentence. The Fair Sentencing Act of 2010 itself does not apply retroactively. United States v. Nelson, 2010 WL 4676614, at *1 (4th Cir. Nov. 18, 2010).

Thus, defendant is not entitled to a sentence reduction pursuant to § 3582(c). Inasmuch as the Sentencing Commission *may* determine in the future to make the Fair Sentencing Act retroactive, to the extent petitioner intended to make such a motion, it be denied without prejudice. See Millhouse, 2010 WL 4338383, at *2 n.1.

**IV.     Section 2255 Motion**

The court has considered petitioner's motion as also being filed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. Under Section 2255, a petitioner may argue that

---

[2]     Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). Even considering such motion under Section 2255, the motion is time barred as it was filed well beyond the one year period of limitation provided in Section 2255(f).

Even if the court were to assume that such motion was not time barred, each contention is without merit. The court will discuss each claim briefly as an alternative basis for decision.

### A. Amount of Cocaine Base Fairly Attributable to Petitioner

In his first contention, petitioner contends that the court erred in determining that he was responsible for at least 5 grams of cocaine base as the amounts purchased by the confidential informant (hereinafter "CI") from him do not add up to 5 grams as stated in the PSR.

This contention is without merit as petitioner stipulated to the existence of a factual basis at sentencing. Specifically, petitioner stipulated to the offense conduct outlined in the PSR at the sentencing hearing:

| | |
|---|---|
| MR. CULLEN: | Your Honor, the parties have stipulated in the Plea Agreement the factual basis as set forth in the Offense Conduct section of the Presentence Report. |
| | * * * |
| THE COURT: | Now, Mr. Monsanto, if you would stand up again, please.<br><br>After you entered your plea of guilty your case 25 was referred to the United States Probation Office for a Presentence Investigation Report. The Court has received a copy of the report and is holding it up. Have you received and read this report? |

| | |
|---|---|
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Do you understand it? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Have you had the opportunity to go over this report with your counsel? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Has Mr. Brown [Mr. Cullen] answered all your questions about this report? |
| THE DEFENDANT: | Yes, Your Honor. |

Sentencing Hearing Transcript, at pp. 4-5. In turn, paragraph 10 of the PSR provided that "[t]aking into consideration the defendant's relevant conduct, to include the counts that were dismissed, the defendant is responsible for at least 5 grams of cocaine base." PSR, at ¶ 10.

Second, petitioner pled guilty to Count One of the Bill of Indictment, which specifically stated that "[s]aid offense involved five (5) grams of more of a mixture and substance containing a detectable amount of cocaine base...." Indictment (#3), at p. 1.

Third, it appears that petitioner's argument is based on the mistaken belief that amount fairly attributable to him can only be the total weight of cocaine base actually purchased from him by the CI as such transactions were discussed in paragraph eight of the PSR. What petitioner fails to recognize, however, is that the amount fairly attributable to him is not limited to the total weight of controlled buys; instead, it is the amount fairly attributable to him as part of the overall *conspiracy* charged. Specifically, the same paragraph of the PSR provides as follows:

> Monsanto then turned to McManus who handed Monsanto a $50 crack rock, who in turn handed the crack to the CI. The CI related to investigators that he could see a large amount of crack cocaine lying on the table near the bed and estimated the amount to be approximately 25 - 30 grams.

-5-

PSR, at ¶ 8 (emphasis deleted). While such purchase may have been for a small amount of cocaine base, the factual basis shows that petitioner had a much larger inventory which was fairly attributed to petitioner. Thus, even if the court were to consider the merits of such contention, the claim would be without merit.

### B. Career Offender Status

Petitioner next contends that the court erred in determining that he was a career offender under USSG § 4B1.1 because the government failed to file a notice of prior convictions as required by 21 U.S.C. § 851. Petitioner is mistaken because the career offender determination under USSG § 4B1.1 is separate and distinct from the imposition of increased punishment based on prior convictions noticed under 21 U.S.C. § 851. The key distinction is that career offender status typically results in a higher guidelines range within the statutory maximum, while giving notice of relevant prior convictions under Section 851results in exposure to higher statutory minimum and maximum penalties.

Review of the judgment in this case reveals that petitioner's guideline range was well within the statutory minimum and maximum (minimum 5 years maximum 40 years) and that no increased punishment under Section 851 was either sought, recommended, or applied. Instead, it was properly determined under USSG § 4B1.1 that petitioner was a career offender based on his criminal record, resulting in an offense level of 34 (before the § 5K1.1 departure). The Court of Appeals for the Fourth Circuit has long recognized that "the notice requirements of § 851(a)(1) are inapplicable to the career offender enhancement." United States v. Johnson, 1995 WL 50122, *1 (4th Cir. Feb. 9, 1995).[3] Thus, even if the court were

---

[3] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

to consider the merits of such contention, the claim would be without merit.

### C. Sentencing Disparity

Finally, petitioner argues that the court erred in sentencing him to 125 months when co-defendant Charlene McManus received a 36 month sentence.[4] He contends that such is an unwarranted sentencing disparity. Review of the Judgment and PSR in United States v. McManus, 3:08cr88-1 and comparison to the Judgment and PSR in this case reveals no sentencing disparity as a matter of law.

Congress has instructed the Sentencing Commission to "avoi[d] unwarranted sentencing disparities" among those "found guilty of similar criminal conduct." 28 U.S.C. § 991(b)(1)(B). Further, the courts have received a similar Congressional mandate in 18, United States Code, Section 3553(a)(6), which provides that courts are to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Neither Section 991(b)(1)(B) nor Section 3552(a)(6) are offended by the sentence imposed in this case. First, the comparative defendant's offense conduct attributed only 3.5 grams of cocaine base to her (along with 4.9 grams of marijuana), while petitioner had properly attributed to him at least 5 grams of cocaine base. Second, petitioner had a criminal history category of VI, while the comparative defendant had a criminal history category of III. Third, petitioner herein was a career offender while the comparative defendant was not a career offender.

Section 3553(a)(6) does not, therefore, have any impact on the sentence in this case as petitioner and Defendant McManus did not have similar criminal records and, while found

---

[4] Charlene McManus was sentenced to 30 months, not 36 months.

guilty of committing similar offenses, the offense conduct was distinguishable. Thus, even if the court were to consider the merits of such contention, the claim would be without merit.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that "Motion and Supporting Memorandum Supporting a Reduction of Sentence Pursuant to [18] U.S.C. § 3582(c)(2)" (#39) is **DENIED** as not justiciable under Section 3582 and, if considered a Section 2255 motion, is time barred.

**IT IS FURTHER ORDERED** that even if this action were justiciable under Section 3582 or not time barred under Section 2255, that, in the alternative, petitioner's motion is **DENIED** on the merits of the contentions herein identified for the reasons discussed above.

Such denial is without prejudice as to any potential claim under the FSA in the event the FSA is later determined to apply retroactively.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: June 15, 2011

Max O. Cogburn Jr.
United States District Judge